IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

COAHOMA COMMUNITY COLLEGE                                                                PLAINTIFF

V.                                                                    CIVIL CAUSE NO. 4:24-cv-124-DMB-DAS

UNITED STATES OF AMERICA                                                                  DEFENDANT

ORDER

Before the court is Plaintiff Coahoma Community College's request for additional discovery for purposes of responding to the United States' pending Motion to Dismiss. Having considered the parties' submissions, the court concludes that the requested discovery is not appropriate and shall be denied.

*Analysis*

The United States moved to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6). Resolution of that motion requires the court to accept Plaintiff's well-pleaded factual allegations as true and determine, as a matter of law, whether those allegations plausibly establish entitlement to Employee Retention Credits (ERC). Central to the motion is the interpretation of statutory terms governing ERC-eligibility—specifically, whether Plaintiff's alleged circumstances amounted to operations being "fully or partially suspended . . . due to orders from an appropriate governmental authority . . . ." 26 U.S.C. § 3134(c)(2)(A)(ii)(I). The statute does not define those terms, and their meaning is therefore a question of statutory interpretation entrusted to the court.

In a tax refund suit, that interpretive task is conducted *de novo*. *Trinity Indus., Inc. v. United States*, 757 F.3d 400, 413 (5th Cir. 2014). The court does not review agency decision-making, does not defer to administrative conclusions, and does not weigh the persuasiveness or

consistency of the Internal Revenue Service's internal interpretations. The court independently determines the meaning of the statute and applies that meaning to the facts alleged in the complaint.

Plaintiff seeks discovery into how the IRS internally defined, interpreted, or applied the statutory terms at issue, both with respect to Coahoma Community College and with respect to other Mississippi taxpayers. That discovery is simply not relevant to the court's inquiry. *See id.* ("[T]he 'reasons for the Commissioner's determination are not relevant for the Court does not review those reasons.'") (quoting *Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 320 (1996)). Because the court's review is *de novo*, it matters not how the IRS internally defined the statutory terms, whether in guidance, training materials, memoranda, or claim evaluations. Nor does it matter how the IRS may have applied those definitions to other taxpayers. The correctness of Plaintiff's claim turns solely on whether Plaintiff's alleged facts satisfy the statute as interpreted by the court pursuant to the canons of interpretation.

Allowing discovery into the IRS's internal definitions would improperly shift the focus on the motion to dismiss from judicial interpretation of the statute to an examination of agency reasoning. That is not the role of the court in a refund action. The court is not asked to decide whether the IRS interpreted the ERC statute reasonably, consistently, arbitrarily, or persuasively; it is asked to decide what the statute means.

Discovery is designed to uncover facts. It is not a vehicle for developing or bolstering judicial interpretations—at least not in relation to a motion to dismiss for failure to state a claim. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) ("[A] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits."). If Plaintiff's allegations, taken as true, do not plausibly establish a

statutory full or partial suspension on orders from an appropriate governmental authority under the court's interpretation of those terms, discovery into IRS internal materials cannot cure that deficiency. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (In ruling on a motion to dismiss for failure to state a claim, the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts."). As the plaintiff, Coahoma Community College possesses all facts relevant to its own operations, the governmental orders it contends applied to it, and the alleged effect of those orders. Whether the IRS internally labeled similar circumstances as qualifying or non-qualifying elsewhere does not supply missing allegations or change the legal standard the court must apply. The possibility that the IRS approved claims for other taxpayers—rightly or wrongly—does not inform the meaning of the statute and does not establish entitlement in this case at this particular stage. Accordingly, Plaintiff's request for additional discovery related to the motion to dismiss is **denied.**

Plaintiff shall have until January 23, 2026, to respond to the pending motion to dismiss. Defendant shall file a rebuttal brief in the time allotted by L.U. CIV. R. 7(b)(4).

SO ORDERED, this the 23rd day of December, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE